NEW. JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

MARY KOSCIUKEWICZ, PETITIONER, v. JOHNS-MANVILLE COMPANY, RESPONDENT.

**Employe Died From Some Acute Intestinal Trouble—No Evidence That it was the Result of His Employment.**

For the petitioner, *James V. Burke.*

For the respondent, *Clarence E. Case.*

The petitioner having filed her claim for compensation from the respondent on the death of her husband, Waclaw Kosciekewicz, and the respondent having filed its answer, and the matter coming on to be heard in due form at the court house, Somerville, New Jersey, at ten o'clock in the forenoon, December 1st, 1925, and the petitioner being repre-

sented by James V. Burke, Esquire, and the respondent being represented by Clarence E. Case, Esquire, and the petitioner having presented her evidence;

And it appearing that said Waclaw Kosciukewicz was, on the 3d day of September, 1925, and theretofore in the employ of the respondent, Johns-Manville, Incorporated, being then engaged in work in a certain trench on the premises of the respondent company at its plant at Manville, Somerset county, New Jersey; that on the 2d day of September the decedent come to work complaining of feeling ill; that on the 3d day of September, having eaten a quantity of green apples and drunk cold water thereon, the weather being warm summer weather, the decedent became markedly ill and was removed to his home, vomiting on the way home a matter that resembled green apples; that, after arriving home, the decedent lapsed into unconsciousness, and died the following day; and there being no satisfactory evidence that the death was due to an accident arising out of and in the course of the employment, or that the death was due to other than natural causes independent of employment,

It is, on this 23d day of December, 1925, determined that the death of the said Waclaw Kosciukewicz was not caused by an accident arising out of and in the course of his employment, and was not due to any fact that would bring it within the purview of the laws of the State of New Jersey visiting liability therefor upon the respondent herein, and it is ordered that the said petition be and the same is hereby dismissed.

CHARLES E. CORBIN,
*Deputy Commissioner.*